**Dean KENT, Plaintiff–Appellant,**

v.

**Jared KATZ, Individually and as a Police Officer for the Town of Colchester, Defendant–Appellee.**

No. 04–0880.

United States Court of Appeals,
Second Circuit.

Feb. 17, 2005.

Thomas C. Nuovo, (Adele Pastor, on the brief) Bauer, Gravel, Farnham, Nuovo, Parker & Lang, Burlington, VT, for Appellant.

Joseph A. Farnham, McNeil, Leddy & Sheahan, P.C., Burlington, VT, for Appellee.

PRESENT: NEWMAN, KEARSE and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff appeals from a judgment of the District Court and seeks review of the denial of his Rule 50 motion for Judgment as a Matter of Law, his Rule 59 motion for a new trial following an adverse jury verdict, and the granting of summary judgment to the defendant on plaintiff's claim for malicious prosecution.

■ Plaintiff argues that the jury's finding of qualified immunity was improper, for two reasons. He first claims that the jury's verdicts on excessive force and qualified immunity were legally inconsistent because the jury found that defendant had acted unreasonably in using excessive force, but that defendant had reasonably believed his conduct to be lawful. The Supreme Court has made it clear, however, that these are separate questions to which differing answers can be given. *See Saucier v. Katz,* 533 U.S. 194, 197, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (holding that "the ruling on qualified immunity requires an analysis not susceptible of fusion with the question whether unreasonable force was used in making the arrest").

■ Plaintiff's second argument is that qualified immunity should have been decided by the court as a matter of law and not been given to the jury. We have indicated, though have not definitively held, that the ultimate question on qualified immunity should be resolved by the court as it is a question of law. *See, e.g., Stephenson v. Doe,* 332 F.3d 68, 80 n. 16 (2d Cir.2003) ("It is at least questionable, however, whether as a general matter in the context of an excessive force claim a jury should

decide the ultimate issue of qualified immunity, in addition to the factual disputes that may bear on the issue."). Insofar as the defense in this case was that it was reasonable for defendant to believe his conduct was lawful because the conduct (the relevant wrist-hold restraining maneuver) was consistent with his police training, the jury was required to make the factual determination whether defendant in fact believed his conduct to be consistent with his training. Thus, even if the ultimate legal decision had been left to the Court, the jury's factual finding that defendant's actions were consistent with his police training (and that he believed them to be consistent) indicates that those actions would not be found "clearly unlawful." *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151. Accordingly, the District Court judgment is affirmed.

Plaintiff also appeals from the District Court's May 11, 2001 order granting summary judgment dismissing his claim of malicious prosecution. Regardless of the merits of the District Court's approach to this question, a jury has now determined that defendant had probable cause to arrest plaintiff, and that finding negates one element necessary for success on a malicious prosecution claim. *See, e.g., Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.,* 290 F.3d 98, 115 (2d Cir.2002) (holding that question regarding district court's decision on summary judgment was moot in light of jury verdict negating another element of the claim).

We reject plaintiff's remaining contentions for the reasons stated by the District Court in its comprehensive and careful Memorandum and Order of January 20, 2004.

We have considered all of plaintiff's claims on appeal and have found them to

be without merit. We hereby AFFIRM the judgment of the District Court.